Sage *v.* Mosher.

---

SAGE and others *vs.* D. MOSHER and J. G. MOSHER.

A complaint, in the nature of a creditor's bill, alleged the recovery of five judgments by the plaintiffs against D. M. and the issuing of executions and the return thereof unsatisfied. That previous to the recovery of the judgments, D. M. was the owner of certain real estate, which he conveyed to J. G. M. without any consideration, and with intent to defraud creditors; and that D. M. had other equitable interests which ought to be applied on said judgments. The complaint prayed that the sale and conveyance of the land might be set aside, and for equitable relief, &c. No equitable property was discovered; and it appeared in proof that the real estate had been conveyed to one G. before the commencement of the suit. G. was not made a party to the suit. *Held* that the referee should have dismissed the complaint, or

suspended the trial until the plaintiffs, by amendment or supplemental bill, had made G. a party.

*Held* also, that the action as a creditor's bill, having at the time of the trial, entirely failed of its object, it could not be converted into a legal action for the purpose of recovering a judgment for damages, against the defendants, or either of them.

Although in equity several judgment creditors may join in one suit to reach the equitable property of their common judgment debtor, or remove a fraudulent incumbrance in the way of the collection of their judgments, they cannot thus unite in an action at law.

They are not entitled to a common joint judgment at law; and an equity suit cannot thus be turned into a suit at law for the recovery of damages.

APPEAL from a judgment entered at a special term, on the report of a referee. The facts sufficiently appear in the opinion.

*C. G. Judd,* for the appellants.

*E. A. Hopkins,* for the respondents.

*By the Court,* E. DARWIN SMITH, J. The complaint in this action is in form a creditor's bill. It sets out five different judgments, rendered on or about the 4th of December, 1855, and states that executions were duly issued on such judgments and returned unsatisfied. It states that the defendant Davison Mosher, on the 13th of January, 1855, was the owner of certain real estate in Seneca county, which he, on that day, conveyed to the defendant John G. Mosher, without any bona fide consideration, and to hinder, delay and defraud his creditors. The complaint also states that the defendant Davison Mosher has other equitable interests, which ought to be applied on said judgments, and prays that the sale and conveyance of said land may be set aside, and for equitable relief, or that the defendants may be adjudged to pay the plaintiff's judgment with costs. No equitable property has been discovered and attached by the proceeding, and the referee finds that the title to the real estate had been conveyed to a person not a party to the action. Such real estate appears to have been conveyed by John G. Mosher to one Greg-

Sage *v.* Mosher.

ory, before the commencement of the suit, and Gregory not being a party to the suit, there could obviously be no judgment or decree in this suit affecting the land, or the title of said Gregory thereto. Upon these facts appearing, I think the referee should have dismissed the complaint, or suspended the trial until the plaintiffs, by amendment or supplemental bill, had made Gregory a party. Upon the allegations of the complaint, the plaintiffs were clearly entitled to follow the property into the hands of Gregory, and if they could impeach his title thereto, were entitled to have the conveyance to him set aside and the property sold under the decree of this court and the proceeds applied in payment of their judgments; or else to be at liberty to sell the land on their executions at law. But as a creditor's bill, at the time of the trial, it had entirely failed of its object. It had attached or bound by the lien thereof, no property, and could not then, I think, be converted into a legal action for the purpose of recovering a judgment for damages against the defendants, or either of them. Here were five parties, with five separate judgments, at law. In equity different judgment creditors were entitled in one bill to reach the equitable property of their common judgment debtors, or remove a fraudulent incumbrance in the way of the collection of their judgments, but they cannot thus unite in an action at law. They are not entitled to a common joint judgment at law. An equity suit cannot thus be turned into a suit at law for the recovery of damages. Except as an action in equity, the plaintiffs' complaint does not state facts entitling the plaintiffs to any common judgment or relief, and it would have been demurrable at law for multifariousness. Five actions of tort, by five different plaintiffs, might just as lawfully and appropriately be joined as five actions for *fraud*, on five separate judgments, by five several parties, when the recovery is sought in damages. The referee ordered a judgment for $2170, which is apportioned, in the order for judgment, among the several plaintiffs according to the amounts due them on their respective judgments. But the judgment

is entered up and docketed as one entire judgment.   I know of no authority for such a recovery or such a proceeding, and think the judgment should be reversed.

Judgment reversed and new trial granted.   Costs to abide the event.

[Monroe General Term, September 6, 1858.   *Welles, Smith* and *Johnson,* Justices.]