DAVID J. BREEN et al., Respondents, v. MORTGAGE COMMISSION OF THE STATE OF NEW YORK et al., Appellants, Impleaded with Another.

Argued April 8, 1941; decided May 29, 1941.

*Lewis F. X. Cotignola, Jess H. Rosenberg* and *Edward F. Keenan* for appellants.

428

*John Holley Clark, Jr.*, for respondents.

FINCH, J. This is a representative action brought by two mortgage certificate holders on behalf of all of the holders of certificates of participation in a certain bond and mortgage of $1,400,000 on improved realty. The complaint contains two alleged causes of action, one against the Mortgage Commission of the State of New York and its wholly owned subsidiary, The Mortgage Commission Servicing Corporation, and the other against a private corporation, The Mortgage Corporation of New York. Upon motion made by the Mortgage Commission and by its subsidiary, Special Term granted judgment dismissing the complaint as to them, but the Appellate Division reversed and denied the motion. The Mortgage Corporation of New York did not join in the motion to dismiss the

complaint, and this appeal concerns only the first cause of action alleged in the complaint which is directed solely against the Commission and its subsidiary corporation. The questions certified to this court are: (1) whether the Supreme Court of this State has jurisdiction over the moving defendants, i. e., the Commission and its subsidiary; (2) whether the Supreme Court has jurisdiction over the subject matter of the action; and (3) whether the complaint alleges facts sufficient to constitute a cause of action against the Commission and its subsidiary.

Plaintiffs charge that certain acts and omissions on the part of the Mortgage Commission and of its subsidiary constitute a breach of their fiduciary obligations to certificate holders and that, therefore, the Commission and its subsidiary are liable for the damage caused. The complaint was dismissed by Special Term on the ground that the action, if maintainable at all, may be brought only in the Court of Claims. (Court of Claims Act, §§ 8, 9; Laws of 1939, ch. 860.) The problem, therefore, is to determine who is the real defendant in the case at bar. If the real defendant is the State, then, of course, it may be sued only as it has consented to be sued, to wit, in the Court of Claims. (*Adler, Inc.,* v. *Noyes,* 285 N. Y. 34.) In many of these cases the problem presented for determination is whether the action is against an agency of the State, or whether it is against a public official in his personal capacity. In the latter event, the action may be brought in any court of original jurisdiction where it can be maintained against the public official as a private person, whereas if the action is brought against the public agent in his official status, the claim is in fact against the State and may be maintained only in accordance with the consent of the State, i. e., in the Court of Claims. (*Pauchogue Land Corp.* v. *Long Island State Park Commission,* 243 N. Y. 15.) In the case at bar plaintiffs make no attempt to name the members of the Commission as parties defendant. On the contrary, except as to the second alleged cause of action against a private corporation, with which we are not now concerned, the defendants named in

the complaint are only the Commission itself and its subsidiary corporation. It is necessary to determine, therefore, the relationship between the Commission and its subsidiary on the one hand and the State on the other. The Commission was created by an act of the Legislature in the following language: " An agency, to be known as mortgage commission of the state of New York * * * is hereby created. Such commission shall be a body corporate and politic." (Mortgage Commission Act, L. 1935, ch. 19, § 2.)

The foregoing language leaves no room for doubt as to the status of the Commission as a mere agency of the State, created in the exercise of its police power to meet the public emergency existing with respect to certificated mortgages. The expenses of the Commission are to be met out of a revolving fund appropriated by the Legislature. (Mortgage Commission Act, as amd. L. 1935, ch. 290, §§ 24, 26.) The moneys constituting the fund may be paid out by the State Comptroller only for the " lawful purposes " of the Commission, and only upon duly audited claims. (§ 26.) These moneys are used for the benefit of the people of the State and for the purpose of carrying out the governmental functions of the Commission. The moneys are the property of the State and until expended remain public moneys. (*Matter of People [Westchester Title & Trust Co.]*, 268 N. Y. 432, 443.) The Commission has no property of its own which it holds other than as agent of the State, and to permit a judgment against the Commission to be placed in the hands of the Sheriff for execution would permit him to levy upon and seize the property of the State. It is plain that a judgment obtained against the Commission would be against the State, since the Commission is only an agent of the State, different in no material respect from other commissions, all of which have been identified with the State (*e. g., Pauchogue Land Corp.* v. *Long Island State Park Commission, supra*). Therefore, unless some special circumstance exists which would take the case at bar out of the general rule, it follows that the

action against the Commission could not be maintained except in accordance with the consent of the State as given in the Court of Claims Act.

Plaintiffs-respondents urge, however, that a different principle is applicable here, on the ground that there has been a waiver of immunity to suit on the part of the State by reason of the provision in the Mortgage Commission Act empowering the Commission " to sue and be sued." (§ 4, subd. 1.) From the fact that the Legislature has granted to the Commission the right to sue and has granted to certificate holders and others the right to sue the Commission in proper cases, it does not follow that the State has consented to be sued for a claim against it in the Supreme Court of the State rather than in the Court of Claims. Statutes in derogation of the sovereign immunity of the State to suit are strictly construed. (*Smith* v. *State,* 227 N. Y. 405, 410.) In providing that the Commission might sue and be sued there was opened to the Commission and others a forum other than the Court of Claims for the determination of various claims arising out of the administration of the certificated mortgages. Since the Commission is a State agency, no forum except the Court of Claims might otherwise have been open for actions involving the Commission. And the Court of Claims would not have been in a position to afford relief, for its jurisdiction is restricted to judgments sought to be obtained against the State (Court of Claims Act, § 9), and the litigation in which the Commission might be involved as a necessary part of the administration of the certificated mortgages generally would not involve questions of liability on the part of the State. Thus, there might have resulted a situation in which no court would have been open for such litigation, and the very purposes for which the Commission was created might have been frustrated. In the light of the foregoing, the inclusion of the " sue and be sued " clause did not amount to a consent on the part of the State to be subjected to a judgment obtained in an action brought in any court other than the Court of Claims. So extraordinary a consequence

may not be held to have been intended by the Legislature when otherwise the language used is satisfied in the light of the problem stated above. It follows that the vesting in the Commission of the power " to sue and be sued " in connection with the administration of certificated mortgages does not amount to a consent by the State to answer elsewhere than in the Court of Claims a charge of liability for the alleged misconduct of the Commission in the administration of certificated mortgages.

Plaintiffs-respondents also urge that the determining factor is the fact that the action at bar is upon a claim in contract for breach of fiduciary obligations rather than against the State for the torts of its agents. Defendants-appellants, on the other hand, urge the converse of that proposition. This dispute as to whether the suit is in contract or in tort is irrelevant, for in either event the liability sought to be imposed is a liability on the part of the State. ⌐The essential question is whether the State has consented to a determination of its liability in the manner chosen by plaintiffs.⌐ The State has not so consented. Whether the action is in contract or in tort may be of some consequence in determining the question of substantive law as to whether the State is liable for the acts of its agents: that question cannot be reached until it is first determined that the State has consented to be sued in the forum elected by the claimant. (*Smith* v. *State*, 227 N. Y. 405.) It is the latter question which is involved in the case at bar, for regardless of whether the liability be deemed in contract or tort, the State has not consented to have its liability determined outside of the Court of Claims. It follows that the Supreme Court had no jurisdiction to entertain the action against agents of the State.

The subsidiary corporation was organized pursuant to the authority of the Commission " to organize a subsidiary corporation or corporations wholly owned and controlled by it and with trust powers only   *   *   *." (Laws of 1935, ch. 19, § 4, ¶ 19.) So far as the case at bar is concerned, there is no difference between the status of the wholly owned

and wholly controlled subsidiary corporation and that of the Commission itself. (Cf. *Keifer & Keifer* v. *Reconstruction Finance Corp.*, 306 U. S. .381.)

Attention may also be called to the fact that the action is now being prosecuted against two entities which no longer exist. The existence of both the Commission and of its subsidiary corporation has been terminated and their functions transferred to the Superintendent of Insurance. (Laws of 1939, ch. 944.)

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, without costs. The first certified question should be answered in the negative. The remaining questions need not be answered.

LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., taking no part.

Ordered accordingly.