■ RIESA B. GLASSMAN, Appellant, v. JACOB GLASSMAN et al., Respondents. — In an action to set aside a transfer of money and for other relief, the appeal is from so much of a judgment, entered after trial before an Official Referee, as dismissed the complaint and supplemental complaint upon the merits. The complaints alleged that the transfer by respondent Glassman to the respondent Retirement System, was made without consideration and with intent to hinder, delay and defraud appellant, respondent Glassman's wife, and to prevent her from collecting on certain judgments, previously obtained against him, for arrears of support payments under a separation agreement. Appellant sought to set aside the transfer as fraudulent as to her so that the amount of her judgments might be transferred to her from the Retirement System. Judgment, insofar as appealed from, affirmed, without costs. No opinion. Wenzel, Acting P. J., Murphy and Ughetta, JJ., concur; Hallinan, J., with whom Beldock, J., concurs, dissents and votes to reverse the judgment insofar as appealed from, and to grant judgment in appellant's favor, with the following memorandum: The following facts, among others, were either conceded or uncontroverted: The Glassmans were married in 1928. Respondent Glassman has been a civil service employee of the State of New York and a member of respondent Retirement System since 1938. In May, 1950 while they were still living together, he elected to take advantage of a new provision of law under which he could retire at 55 instead of 60, as originally permitted, as a result of which he thereupon became entitled to pay $2,170 to respondent Retirement System. At that time appellant suggested that he sell the stocks he had in a small brokerage account in order to make the payment, but he did not then do so. In May, 1953 the Glassmans entered into a separation agreement whereby respondent Glassman was to pay appellant $100 a month for support. After two months he stopped making payments. On November 3, 1953, when he was four months in arrears, appellant began the first of a series of actions resulting in judgments aggregating approximately $3,200, the basis of the present action. On the day before, November 2, 1953, respondent Glassman sent to respondent Retirement System two checks he had received

from his broker, amounting to $2,627.22, the proceeds of the sale of his stock. Respondent Retirement System retained the amount due it, including interest, and returned $452.72, the excess, to him. Upon all the evidence it is my opinion that the only reasonable inference to be drawn from the fact that respondent Glassman made the payment when he did is that he intended thereby to hinder, delay or defraud appellant as a creditor and said payment is, therefore, fraudulent as to her (Debtor and Creditor Law, § 276). Since the respondent Retirement System is in the position of a stakeholder rather than of a purchaser (*Glassman* v. *Glassman,* 309 N. Y. 436, 442), appellant is entitled to have said transfer set aside (Debtor and Creditor Law, § 278).