Gilbert H. King, J.
The plaintiff obtained an order requiring the defendant to show cause at a Special Term of this court, why an order should not be made enjoining the defendant pendente lite from interfering with the property of the plaintiff and specifically from ‘ ‘ tearing down, demolishing and mutilating structures which are owned by plaintiff and which are upon property owned or leased by the plaintiff.” The show cause *920 order granted the restraint sought pending the argument of the motion.
On the return of the motion, defendant New York State Thruway Authority (hereinafter referred to as the Authority) cross-moved for an order dismissing the complaint on the grounds (1) that it appears on the face thereof that this court does not have jurisdiction of the subject of the action; and (2) that it appears on the face of the complaint that the complaint does not state facts sufficient to constitute a cause of action.
The plaintiff Whitmier & Ferris Co., Inc. is the owner and operator of a public sign advertising business principally in the Buffalo, Now York, area. In the course of its business it has erected, maintains and leases a number of advertising signs and devices along or near the New York State Thruway. It is undisputed that many of these signs were and are erected or maintained within the area of “ 660 feet of the nearest edge of the pavement of the thruway ” in violation of section 361-a. of the Public Authorities Law.
It is also undisputed that the plaintiff had not requested or obtained any permit for the signs in question as authorized and required by subdivisions 1, 5 and 6 of section 361-a.
On the 10th day of June, 1963, the Authority, acting under subdivision 6 of section 361-a went upon lands not within the right of way of the Thruway but allegedly within the 660-foot restricted area and cut down signs owned and maintained by the plaintiff. The complaint alleges that this was done ‘ ‘ wilfully and maliciously and without notice to the plaintiff. ’ ’ The complaint prays for a permanent injunction against the Authority restraining and enjoining it “ from going upon the property leased by the plaintiff and from trespassing therein and from tearing down, demolishing and mutiliating [sic] structures which arc owned by the plaintiff and which are owned or leased by the plaintiff and upon which the defendant has no right or claim, and further from trespassing upon property which is owned or leased by the plaintiff. ’ ’
What plaintiff seeks on this motion and in its complaint is to enjoin the Authority from acting now or at any time in the future under subdivision 6 of section 361-a, claiming that such acts are “without authority” and if permitted to continue will cause plaintiff irreparable damage for which plaintiff has no adequate remedy at law.
The power to act, as the Authority did, without notice, is contained in subdivision 6 of section 361-a which provides in part as follows: ‘ ‘ Any advertising device erected or maintained after September first, nineteen hundred fifty-two in violation of this *921 section or any regulation adopted hereunder is hereby declared to be, and is, a public nuisance and such device may 'without notice be abated and removed by any officer or employee of the authority, or upon the request of the authority, by any peace officer.” (Emphasis supplied.)
It is not necessary for the purposes of this decision to pass upon the plaintiff’s claim of irreparable damage or to decide whether or not the power given to the Authority to remove signs without notice and on the property of another is valid. To pass upon either of these questions it must first be established that the court has jurisdiction of the subject matter.
In Easley v. New York State Thruway Auth. (1 N Y 2d 374) the Court of Appeals held that the Authority “is an arm or agency of the State ” (p. 376) and that “ the Legislature could in creating the Thruway Authority have refused to waive immunity as to it and thus could have forbidden suits to be maintained against the Authority in any court or tribunal ’ ’ (pp. 376-377).
There are two grants of jurisdiction to sue the Authority. Claims for alleged torts or breaches of contract arc to be determined exclusively by the Court of Claims pursuant to section 361-b of the Public Authorities Law and under the provisions of section 368 of the Public Authorities Law, noteholders and bondholders may, through a trustee, bring action or suit in equity against the Authority.
The Court of Appeals in Benz v. New York State Thruway Auth. (9 N Y 2d 486, 490) held that the statement that the Thruway Authority 1 ‘ may sue or be sued ’ ’ found in subdivision 1 of section 354 of the Public Authorities Law, does not permit the maintenance of an equity action against the Authority. The court stated (p. 490) that “ [t]here is no provision anywhere for equity suits against the Thruway Authority.” The court reasoned that legislative silence did not create the “ strange intent ” of waiver of sovereign immunity from suits in equity. If “ [t]his leaves the plaintiff without any remedy by suit but ‘ the immunity of a state agency is in no way affected by the lack of any other remedy ’ (Glassman v. Glassman, 309 N. Y. 436, 441 * * *) ”. (Benz v. New York State Thruway Auth., supra, p. 490; Mathewson v. New York State Thruway Auth., 9 N Y 2d 788, decided with the Benz case reached the same conclusion.)
The Court of Appeals in New York State Thruway Auth. v. Ashley Motor Court (10 N Y 2d 151, 157) unanimously upheld the constitutionality of section 361-a of the Public Authorities Law as a valid exercise of the police power of the State, stating *922 that “ [t]he police power is ‘ the least limitable of the powers of government and * * * extends to all the great public needs ’ (People v. Nebbia, 262 N. Y. 259, 270, affd. 291 U. S. 502), and if the end desired be within the power of the State and the means used are reasonably suited to that end, it is no objection that ‘ the rights of private property are thereby curtailed ’.”
Plaintiff contended that, as to signs which came within the scope of section 361-a by the amendments thereto and which were validly erected prior to such amendments, the legislation was invalid. This contention was also disposed of in the Ashley case by the following language (p. 157): ‘ ‘ Even, supposing, however, that the defendants possessed valid and subsisting property rights which the legislation here in issue abrogated, this would not provide basis for declaring the statute unconstitutional. ’ ’
So far as the court can determine, this is the first case in this State, or at least the first contested case, in which the Authority acted under the power given to it by subdivision 6 of section 361-a by removing signs without notice. In all of the other reported cases either the Authority or the person who had erected or maintained the sign sought relief by injunction through the Supreme Court. In no other reported case did the Authority take the aggressive physical action used in this case.
On the argument of the motion defendant’s counsel stated that the Authority had, for a long period of time, pleaded with and begged the plaintiff to make applications for permits and had indicated to the plaintiff on numerous occasions that unless the plaintiff complied with the permit provisions of section 361-a the Authority would be required to take some other action. Defendant’s counsel stated that the destructive action was taken when the Authority lost patience with the plaintiff.
It may well be that the Authority had a right to feel that it had been as lenient as possible. The court is not in possession of sufficient facts to make any determination or to express any views on that question. However, it seems to the court that only the most extreme circumstances involving a newly created danger imminently perilous to the public traveling on the Thruway justified the precipitous action taken by the Authority in this case. Impatience should not be the basis for this type of governmental action where an as equally effective result could have been obtained through the courts. If, as the Authority claims, the violation existed for a long time, it had all of that time in which to look to the courts for help and it makes clear the fact that no dangerous, perilous or unsightly condition was suddenly created.
*923 In the court’s opinion, the failure of the Legislature to waive the governmental immunity placed upon the Authority a particular and heavy responsibility to avoid whenever possible by any of its actions, the creation of a public image of the Authority as an arm or agency of State government imperious in action, oblivious to public criticism, mightier than the citizen it was created to serve and beholden and accountable only to itself. As Judge Vah Voorhis said in his dissenting opinion in Benz v. Thruway Auth. (9 N Y 2d 486, 491): “ Waiver of governmental immunity is a consequence of the ‘ rising tide of criticism against the doctrine of sovereign irresponsibility’.” This court finds no justification for the actions of the Authority however well grounded in fact and in law they may have been.
The court cannot substitute its judgment for that of the Authority. However, the court has a strong feeling that whenever the law presents the opportunity to have the courts determine the right of the citizen against the State and vice versa, in the court’s judgment that opportunity should be seized rather than aggressive physical action by the government or its agencies. The desirable image of the State and its immunized agencies as the servants rather than the master of the people and the prestige of the courts as the ultimate arbiters of disputes between citizen and State suffers when the historic interposition of the courts between government and people is not employed whenever possible. This is particularly true where, as in this case, an alternative and equally effective means to the desired end through the courts was readily available to the Authority. On the basis of that principle, the court feels justified in being critical of the course of action pursued by the Authority in this case even though such criticism may serve no purpose other than to remind the State and its agencies that they in their actions, like the courts, owe to the public a particularly sensitive obligation of well-considered judgment.
It is apparent from the authorities cited that this court does not have jurisdiction of the subject matter of this action and has no authority to continue the temporary injunction granted with the show cause order or pendente lite. On the argument of the motion defendant’s counsel stated that his cross motion to dismiss the complaint for failure to state a cause of action was withdrawn since if it was decided that this court had no jurisdiction over the subject matter embodied in the complaint upon which the motion was based, the complaint would necessarily fall.
*924 The plaintiff’s motion for an injunction pendente lite is denied, the temporary injunction granted in the show cause order and continued on the argument of the motion is vacated and the defendant’s cross motion to dismiss the complaint on the grounds that the court has no jurisdiction over the subject of the action is granted, all without costs.