■ ANTHONY MARINO CONSTRUCTION COMPANY, Appellant, v THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents.— Mahoney, P. J. Appeal from an order of the Supreme Court (Kahn, J.), entered May 20, 1991 in Albany County, which, inter alia, granted judgment in favor of defendants dismissing the amended complaint.

In 1986 defendant State of New York leased a building located in Brooklyn from Hanson Redevelopment Inc. The lease provided for Hanson to "prepare the Premises for the State's occupancy in accordance with the 'Plans and Specifications' * * * submitted by the [State]". The renovation was financed through public sale of certificates of participation representing an interest in rent payments under the lease. A trust agreement between Hanson and defendant Key Trust Company was executed under which Key Trust held a portion of the certificate proceeds in a construction account and contractor's subaccount to pay for the work. The trust agreement declared the renovation's general contractor a third-party beneficiary of the contractor's subaccount. Hanson also assigned its rights under the lease to Key Trust, including the right to receive rent from the State, but retained its construction obligations.

Pursuant to the lease, payment for the renovations was made by Key Trust after receipt from Hanson of a requisition and certificate of approval issued by the State specifying that it accepted the particular work completed. The trust agreement required Key Trust to make payments within three days after receipt of requisitions which complied therewith. Hanson then entered into a construction contract with plaintiff to

perform reconstruction on the building. The State subsequently declared Hanson to be in default because of its failure to meet renovation deadlines and invoked its rights under the lease to complete the work itself. Plaintiff, however, continued to work on the building, by agreement, and submitted requisitions directly to the State which processed them as it had those submitted by Hanson.

Disputes arose between plaintiff and the State resulting in the State directing plaintiff to terminate its work. Plaintiff thereafter submitted a requisition to the State for unpaid work in the amount of $1,798,914.40 which the State denied, refusing to issue a certificate of approval. Plaintiff then submitted its requisition to Key Trust which also denied payment.

Plaintiff subsequently brought a claim in the Court of Claims seeking damages. Plaintiff also commenced this action against the State and Key Trust seeking, according to the amended complaint, a declaration that (1) the State is obligated to supply its certificate of approval to plaintiff's requisition, (2) Key Trust is obligated to make payment upon receipt of the certificate, and (3) Key Trust is liable for payments in the event the State fails to supply the certificate of approval. Plaintiff thereafter moved for, *inter alia,* summary judgment. Supreme Court denied plaintiff's motion and granted summary judgment in favor of the State and Key Trust. Supreme Court determined that declaratory relief was not a proper remedy since the underlying action is essentially a contract dispute with the State through which plaintiff seeks money damages, a dispute to be resolved by the Court of Claims. Accordingly, relief was granted to the State on the ground that Supreme Court had no jurisdiction to entertain the action and to Key Trust on the ground that the amended complaint failed to state a cause of action. This appeal by plaintiff followed.

We affirm. Supreme Court lacks jurisdiction in actions where the State has a direct financial interest adverse to that of plaintiff *(see,* Court of Claims Act § 8; *Niagara Falls Power Co. v White,* 292 NY 472, 478). Plaintiff argues that the State has no pecuniary interest in the funds sought here because the contractor's subaccount funds were derived from the sale to the public of certificates of participation and not from State funds. We disagree. The State is entitled to use funds remaining in the construction account after the completion of the renovations to redeem certificates of participation, thereby

decreasing the State's obligation to make future lease payments via annual appropriations by the Legislature. Payment or nonpayment for the disputed renovation work directly affects the amount of those remaining funds. Accordingly, because of the State's interest, we find that monetary relief is sought herein and, therefore, should be sought in the Court of Claims (see, *Glassman v Glassman*, 309 NY 436, 443).

We further find that Key Trust is essentially a stakeholder in this litigation and that any alleged causes of action against it are, at this time, premature.

Casey, Weiss, Levine and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.