## CIRCUIT COURT OF FAIRFAX COUNTY

In re Danielle Williams
and Julia Williams

May 11, 1993

Case No. (Chancery) 124419

By Judge Rosemarie Annunziata

This matter is before the Court on mother's motion for an award of attorneys' fees and costs arising from child abuse charges brought on petition against her by the Fairfax County Department of Human Development (the Department) as provided by Virginia Code § 63.1–248.6. The suit was initially pursued in the Juvenile and Domestic Relations Court and appealed *de novo* in the Fairfax County Circuit Court pursuant to Virginia Code § 16.1–296. In both actions the allegations of the County were found not proved, and the mother now seeks costs and attorneys' fees from both the Department, the non-prevailing party, and the children's father.

Attorneys' fees and costs are chargeable against a non-prevailing party only where there is express statutory authority for such an award. *Antoni v. Greenhow*, 107 U.S. 769, 782–83, 27 L. Ed. 468, 473–74 (1882); 20 Am. Jur. 2d, *Costs*, § 5; *Scott v. Doughty*, 130 Va. 523, 526 (1921). Petitioner raises Virginia Code § 16.1–278.19 and § 16.1–296 as the statutory authority for an award of attorneys' fees and costs in this case. Section 16.1-278.19 provides that attorneys' fees and costs may be assessed on behalf of any party in any matter properly before the Juvenile and Domestic Relations Court. The award of costs and fees pursuant to Va. Code § 16.1–278.19 is within the sound discretion of the court and shall be assessed in light of the relative financial abilities of the parties. Section 16.1–296 provides for the recovery of attorneys' fees and costs in *de novo* appeals where fees would have been allowed in the Juvenile and Domestic Relations court below.

First, addressing the issue of the Department's liability for attorneys' fees and costs, I find that the issue is governed by the rule of

sovereign immunity and that the assessment of attorneys' fees and costs against the Department is not authorized by law.

It is a well established rule of common law that a state may not be sued without its express consent. *Elizabeth River Tunnel Dist. v. Beecher*, 202 Va. 452, 457 (1961); *Kellam v. School Board*, 202 Va. 252, 255 (1960); *Sovereign Immunity*, 12 U. Rich. L. Rev. 429, 430 (1978); 72 Am. Jur. 2d, *States, etc.*, § 99. While the award sought in this case is against Fairfax County, counties are political subdivisions of the Commonwealth which enjoy the full protection of sovereign immunity. *Fry v. County of Albemarle*, 86 Va. 195, 199 (1890); *Fidelity & Deposit Co. v. Gill*, 116 Va. 86, 92 (1914); *Sovereign Immunity*, 12 U. Rich. L. Rev. 429, 439–40 (1978).

The policy underlying the rule of sovereign immunity is twofold. First, it aims to protect the governing body's ability to effectively perform governmental functions and, second, it aims to preserve the state treasury for public uses rather than for the redress of private harms. *Hinchey v. Ogden*, 226 Va. 234, 240 (1985); *see also Glassman v. Glassman*, 131 N.E.2d 721, 723 (N.Y. 1956); *Fitts v. McGhee*, 172 U.S. 516, 528, 43 L. Ed. 535, 541 (1899).

The rule of sovereign immunity under common law extends to all cases in which a state can be sued, whether based on tort or contract, on in personam or in rem jurisdiction, or on legal or equitable principles. 72 Am. Jur. 2d, *States, etc.*, §§ 99–100, 111; *see e.g. State v. Southern Ry. Co.*, 59 S.E. 570, 580 (N.C. 1907). The rule of sovereign immunity is especially relevant when applied to cases where the state is acting in its governmental capacity to protect an important public interest, *Bettencourt v. State*, 266 P.2d 201, 204 (Cal. 1954), and the rule's protection will extend to matters where the relief sought infringes upon a substantial state interest, including its pecuniary interests. *Glassman v. Glassman*, 131 N.E.2d at 725.

The waiver of sovereign immunity must be unequivocal. 72 Am. Jur. 2d, *States*, § 118. In Virginia, "waiver of immunity cannot be implied from general statutory language or by implication." *Elizabeth River Tunnel Dist. v. Beecher*, 202 Va. at *id*. Thus, where the Commonwealth has waived the protection of sovereign immunity as to attorneys' fees and costs, such waiver has appeared explicitly by statute. *See e.g.* Va. Code § 14.1–177; Va. Code § 33.1–132; Va. Code § 33–65 (repealed); Va. Code § 9–6.14:16; Va. Code § 9–6.14:21; Va. Code § 2.1–346; Va. Code § 45.1–251.

Although the Virginia Supreme Court has not ruled on the application of the rule of sovereign immunity to claims for attorneys' fees against the state, the Court has addressed an analogous matter, awarding costs against the Commonwealth only pursuant to statutory waiver of sovereign immunity. *See Commonwealth v. County Utility Corp.*, 223 Va. 534, 546–47 (1982) (court permitted the imposition of costs against the Commonwealth proceeding as a party in equity pursuant to statutory waiver of sovereign immunity as to costs in courts of equity, *see* Va. Code § 14.1–177 modifying Va. Code § 14.1–201); *see also Kearns v. Winchester Dept. of Social Services*, No. 2211–91–4, slip op. at 6 (Va. App. Sept. 15, 1992) (costs incurred by court-appointed counsel in defense of parent charged with child abuse will not be levied against the Commonwealth absent express statutory authority). Furthermore, the Court has limited awards of costs against the Commonwealth to only those costs expressly within the scope of the authorizing statute. *See Ryan v. Davis*, 201 Va. 79, 85 (1959) (court narrowly construes provisions for costs against the Commonwealth under Va. Code §§ 33–65 and 14.1–177 *et. seq.*).

The claim for attorneys' fees and costs in this case clearly infringes upon the state's substantial interest in protecting children and preserving the public funds needed to achieve that end. Virginia Code § 16.1–278.19 is silent as to the propriety of awarding fees against the Commonwealth, and the Virginia Legislature has enacted no statutory waiver which would otherwise warrant the assessment of fees in the present circumstances. In the absence of an express waiver of sovereign immunity, attorneys' fees and costs may not be awarded against the Department.

With respect to the claim for attorneys' fees and costs against the father, I find there is no factual basis for awarding attorneys' fees and costs against the father. The mother's attorneys' fees and costs were not incurred as a result of any unreasonable or improper conduct on the part of the father. Both parents were made parties as a result of the County's petition and both incurred fees in the course of litigating the issues out of a sincere desire to safeguard the welfare of their children and in accordance with their personal choices as to how best to present their respective positions at trial.

For the foregoing reasons, petitioner's motion is denied. *Compare* Virginia Code sections cited earlier where the Commonwealth explic-

itly waived the protection of sovereign immunity with respect to costs and attorneys' fees by statutory enactment.