[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 676
 Facts
Both parties are correctional counselors employed by the State of Connecticut Department of Correction. During April, 2000, they were employed at the Radgowski Correctional Institute in Uncasville, Connecticut. During this period, a new counseling position was being created at the prison and the plaintiff approached the defendant to inquire as to if the defendant was considering applying for the position. On or about April 28, 2000, a meeting of all the counselors was held to discuss this new position. Later that day the plaintiff approached the defendant to ask for her position on the issue. The defendant became upset, spoke with the supervisor and the warden about the plaintiff. The supervisor and warden advised the defendant to file an incident report. In the incident report, the defendant alleges that the plaintiff harassed and threatened her. The incident report was investigated and the defendant's allegations of threats and harassments were not substantiated. The defendant ultimately voluntarily transferred from the Radgowski Correctional Institution.
 Discussion
The defendant raised the issue of sovereign immunity and claimed that as an employee of the state, she enjoys the sovereign immunity from suit as does her employer, the State of Connecticut. The plaintiff claims that while the state does enjoy a qualified immunity from suit, even the state's immunity is not without limitation and the state may by statute or common law waive immunity. The plaintiff claims that the allegations of the complaint are that the defendant gave false and misleading information to her superiors in filing her complaint of harassment. The plaintiff claims that the defendant's own witnesses testified that while it was the duty of the defendant to file a report concerning alleged conflict with the plaintiff it was also the policy procedure and directive that any such report or complaint would need to be accurate and truthful. The plaintiff claims that the report was false and that the reason for the complaint or for the fabrication was to curry favor with the administration of the corrections facility or protest a career promotion or advancement. Since it is clear that the defendant was not ordered or directed to file a false report, her actions should not be considered in the course of her employment in the sense of a ministerial act of a state employee.
The plaintiff cites the case of Shay v. Rossi, 253 Conn. 134 (2000) which states that in that case employees who allegedly took actions which CT Page 677 were unwarranted and were taken for purposes of the employee's self protection could not claim the protection of sovereign immunity.
The defendant on her part argues that the plaintiff's claims for negligent infliction of emotional distress are barred by the doctrine of sovereign immunity. She states that the doctrine is firmly established in Connecticut jurisprudence and that our Supreme Court has repeatedly rejected efforts to have the courts abrogate by judicial decision the long established protection that the doctrine provides to the operation of state government and to the actions of governmental officials acting on behalf of the state. Fidelity Bank v. State, 166 Conn. 251, 255
(1974).
In Textron, Inc. v. Wood, 167 Conn. 334 (1974), the Supreme Court explained the rational underlying the doctrine of sovereign immunity as follows:
 Rooted in the ancient common law, the doctrine of sovereign immunity from suit was originally premised on the monarchical semi-religious tenet that "the King can do no wrong." Borchard, "Government Liability in Tort," 34 Yale L.J. 1, 2. ln modern times, it is more often explained as a rule of social policy, which protects the state from burdensome interference with the performance of its governmental functions and preserved its control over state funds, property and instrumentalities. United States v. Lee, 106 U.S. 196, 206, 1 S.Ct. 240, 27 L.Ed. 171; Block, "Suits Against Public Doctrine," 59 Harv. L. Rev. 1060, 1061; Glassman v. Glassman, 309 N.Y. 436, 131 N.E.2d 721.
The plaintiff seeks monetary damages against the defendant in her capacity as a correctional officer. The defendant was obligated to file an incident report regarding the perceived threats of the plaintiff. The warden ordered the defendant to file a report to comply with the administrative directives of the Department of Correction. Therefore, the defendant in filing an incident report was acting within the scope of her duties, and as such, sovereign immunity bars any claim for monetary relief. Shay v. Rossi, supra, 253 Conn. 134 (2000).
Connecticut General Statutes § 4-165 provides as follows:
 "Immunity of state offices and employees from personal liability. No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious caused in the discharge of his duties nor within the scope of his employment. Any person having a CT Page 678 complaint for such damage or injuries shall present it as a claim against the state under the provisions of this chapter."
In this case, there is no dispute that the defendant is a state employee and the statutory immunity provided by § 4-165 applies. Sovereign immunity does not apply only if the defendant was wanton, reckless, willful, intentional and malicious in her actions. Shay v.Rossi, supra.
In Shay, the court states that willful, intentional and malicious conduct has:
 . . . more than negligence, more than gross negligence . . . [i]n order to infer it, there must be more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct that indicates the recklessness regard of the just rights or safety of others or of the action . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent . . . Shay v. Rossi, supra, 181.
The defendant, therefore, claims that the above-cited statute provides immunity for the defendant in her individual capacity and judgment should be entered for the defendant.
The defendant also claims that the plaintiff's charge against her for intentional infliction of emotional distress must also fail.
In Connecticut, to make out a case for intentional infliction of emotional distress, the plaintiff must prove: 1) that the defendant intended to inflict emotional distress, or knew or should have known emotional distress was a likely result of the defendant's conduct; 2) that the conduct was extreme and outrageous; 3) that the defendant's conduct was the cause of the plaintiff's distress; and 4) that the emotional distress sustained by the plaintiff was severe. DeLaurentis v.New Haven, 220 Conn. 225, 267 (1991).
Th, [The], court finds that the defendant's conduct may not reasonably be regarded as extreme and outrageous. This is a question for the finder of fact and the court finds that it was not outrageous.
Although the plaintiff alleges that the defendant knew her statements were untrue and that this caused the plaintiff emotional upset and conflict, the defendant said that she truly believed she was being harassed by the plaintiff and, therefore, as ordered by the warden and as CT Page 679 required by her supervisor, she filed the incident report. The report resulted in an investigation; however, the plaintiff was not disciplined in any manner. The court also finds that the defendant had an absolute immunity because she filed an incident report and gave a statement regarding the plaintiff during the course of the Department of Correction investigation which she was obligated to do. However, this investigation was a quasi judicial investigation which extends absolute immunity to the defendant from liability. The court does not find that the statements made by the defendant were not true. The court does believe that there was some confusion in the investigation which seemed to suggest that the contents of the report were not accurate. However, this is not clearly set forth in the incident report and the court cannot find as a matter of fact that the complaint was false as alleged by the plaintiff. Also, the court believes that the defendant did not know that her conduct would cause the plaintiff emotional distress.
Secondly, regarding the conduct of the defendant, the court finds that it was not outrageous or extreme as required by the statute to overcome the defense of sovereign immunity. The plaintiff's allegations do not meet the standard of extreme and outrageous conduct which is an essential element in the tort of intentional infliction of emotional distress "liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." 1 Restatement (Secondo Torts, § 46, comments (d), p. 73 (1965). "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form a basis for an action based upon intentional infliction of emotional distress." Mellaly v. Eastman Kodak Co.,42 Conn. Sup. 17, 19 (1991).
Thirdly, to sustain a claim of intentional infliction of emotional distress, the plaintiff must show that the defendant's conduct was the cause of her distress. Plaintiff submitted interrogatories which alleged she was out of work due to this emotional distress on several dates. However, it is noted that the incident complained of occurred of on April 28, 2000, and the incident report was filed on May 1, 2000. The plaintiff attested in her interrogatories that she missed work due to the defendant's conduct. However, the defendant contends that the plaintiff was not truthful and that the time records in the exhibits showed that she took off several vacation days and had a planned vacation to deal with family problems in August, 2000. Nowhere in this exhibit does she inform the warden that she needs time off because of the defendant's conduct. Therefore, the court finds plaintiff's testimony was not credible in this area. CT Page 680
Finally, the plaintiff must show that the emotional distress sustained by her was severe. Again she testified that she was seen by her general practitioner not a therapist. Her medical doctor stated in the record that she is to continue with certain medication and that she had been under stress before this incident which required such medication. The plaintiff also admitted that she was under stress due to family issues. The court finds that any stress, even if severe, which the court does not find, cannot be solely attributed to the acts of the defendant. Accordingly, the court finds that the plaintiff failed to satisfy the necessary elements to sustain a claim of intentional infliction of emotional distress.
The court, therefore, finds that the plaintiff's claim is first barred by governmental immunity and secondly, the court finds that she failed to offer evidence that she sustained intentional emotional distress as claimed.
 Conclusion
Accordingly, the court orders that judgment enter for the defendant.
D. Michael Hurley, Judge Trial Referee