DELANCY NICOLL and Others, Plaintiffs, v. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF OSSINING, Defendants.

Supreme Court, Westchester County, March 5, 1927.

Municipal corporations — garbage disposal — action to abate nuisance created in operation of garbage incinerator plant in village of Ossining — evidence shows plant gave off flakes of burned material which damaged plaintiffs' houses and furnishings — operation of plant is nuisance and must be abated — no damage to fee is allowed — exercise of governmental function will not permit village to operate plant in manner aforesaid.

Plaintiffs in this action are entitled to the abatement of a nuisance created in the operation of a garbage incinerator plant by the village of Ossining, but no damage to the fee is allowable. The evidence shows that the incinerator is operated in such a manner that the noxious odors and flaky particles from the burned materials materially interfere with the enjoyment of properties of persons, including the plaintiffs, living in the vicinity of the plant.

The mere exercise by the village of a governmental function will not permit it to operate its garbage disposal plant in such a manner as to annoy, disturb or materially interfere with the enjoyment of property and render its ordinary use or occupation physically unfit or uncomfortable; any structure which is so operated may become a nuisance.

ACTION to abate a nuisance consisting of a garbage disposal plant in which an incinerator is being operated.

*Thomas G. Barnes* [*Isaac N. Mills* of counsel], for the plaintiffs.

*A. W. Hendrickson, Corporation Counsel* [*Edgar A. B. Spencer* and *John E. Mack* of counsel], for the defendants.

MORSCHAUSER, J. The usual difficulty which confronts the officials of municipalities in regard to the disposal of garbage is the cause of this litigation. The garbage disposal plant was erected and the incinerator operated by the defendants.

The testimony in the case is quite sufficient to satisfy me that the operation of the incinerator is a nuisance. Aside, however, from the testimony offered herein, the visitation to the plant and its vicinity at different times satisfy me that the incinerator is

operated in such a manner that the noxious odors and flaky particles from the burned materials reach the residences and properties of persons in the vicinity of the plant and materially interfere with their enjoyment.

On my visitations and examinations I found that large and small flakes of burned materials went from the incinerator to the house located in the cemetery just north of the plant. Many flakes were found in the house, on the window sills and the floors and also on clothes on the wash line outside of the house.

On visits to the Nicoll place I found that there were many burned flakes on the washed clothes hanging on the line and lying on the grass, and on examination of those flakes I found existing the same situation as was described by the plaintiffs' witnesses — that on pressure the flakes would leave a dirty, oily streak. The flakes were of different sizes, but their effect upon the clothes was such that the latter needed to be washed again. On one of my visits, when I stood about 500 or 600 feet from the incinerator, I found flakes about half an inch in size. On another of my visits I found that the cloud of smoke and steam coming from the chimney of the incinerator enveloped all of the hill on the Nicoll place like a fog, that it was not dissipated by the wind for quite some time, that it deposited there these flakes and brought with it noxious odors. These odors coming from the chimney of the incinerator are sickening and nauseating.

This situation with regard to noxious odors I found existing in various places at least 1,000 feet from the plant and sometimes at a greater distance. Such odors could be detected from the Nicoll place, from the cemetery and from the various highways. The strength of these noxious odors depends upon the condition of the atmosphere and the wind.

Any structure which is so operated as to annoy, disturb or materially interfere with the enjoyment of property and render its ordinary use or occupation physically unfit or uncomfortable may become a nuisance. If one makes unreasonable use of his own premises and the instrumentalities thereon to the material injury of his neighbor's property, the latter has a right of action, even if he is not driven from his dwelling, provided the enjoyment of life and property is materially lessened. This rule was applied in the case of *McCarty* v. *National Carbonic Gas Co.* (189 N. Y. 40, 46, and cases cited), where soft coal in large quantities was used in a residential district.

In *Bates* v. *Holbrook* (171 N. Y. 460) the rule was applied to the operation of an air power station in a street for use in building

54

a subway, and there the court said (at p. 470): " It is clear that these structures, if located upon private property, would constitute a nuisance by reason of the creation of smoke, cinders, dust, gases and disturbing noises." (Citing cases.)

In *Baltimore & Potomac R. R. Co.* v. *Fifth Baptist Church* (108 U. S. 317) the court said (at p. 329): " That is a nuisance which annoys and disturbs one in the possession of his property, rendering its ordinary use or occupation physically uncomfortable to him. For such annoyance and discomfort the courts of law will afford redress by giving damages against the wrongdoer, and when the cause of the annoyance and discomfort is continuous, courts of equity will interfere and restrain the nuisance."

In *Bohan* v. *Port Jervis G. L. Co.* (122 N. Y. 18, 33) the rule was applied to the manufacture of naphtha gas for public and private use.

In *Campbell* v. *Seaman* (63 N. Y. 568, 583) the rule was applied to the operation of a brick kiln, from which noxious gases were carried to the plaintiff's premises by the wind.

In *Corcoran* v. *N. Y. Central R. R.* (100 Misc. 192–196) Mr. Justice J. ADDISON YOUNG, who has been for several years a member of the learned Appellate Division of the Second Department, applied the rule to an engine roundhouse.

In *Andrews* v. *Perry* (127 Misc. 320) the court held that the maintenance and operation of a " hot dog stand " in a residential district constituted a nuisance. The opinion by Mr. Justice EDGCOMB cites many cases wherein the courts of this and other States have held that the maintenance of a nuisance may consist of interfering materially with the property of others and making their lives uncomfortable, and also holding that the use of property for business or other purposes in such a manner as unduly to vex and annoy those living in the neighborhood, by polluting the air, for instance, with disagreeable or noxious gases, vapors or odors or by causing undue noise, constitutes a nuisance.

In this action the fact that the annoyance complained of was intermittent and not constant does not affect the right of the plaintiffs to protection. The contamination of the atmosphere by noxious odors, fumes and refuse from the burning of garbage is not continuous, but it is sufficient and frequent enough to cause discomfort and annoyance to those living in the neighborhood of the plant and to prevent them from enjoying their property, and so may be classed as a nuisance.

Exercising a governmental function by legislative authority (Village Law, § 89, subd. 25, as amd. by Laws of 1926, chap. 718), will not permit the defendant to operate its garbage disposal plant (*Kobbe* v. *Village of New Brighton*, 23 App. Div. 243) when by so

doing it materially interferes with the enjoyment of property or annoys and interferes with the neighbors living in the vicinity of the plant.

The place for the erection of this incinerator plant was not well chosen. With this, however, I have no concern. It is the operation of the plant and the results thereof with which I have to deal. The method and manner of operating the plant make it a nuisance to the people residing in its vicinity. Great discomfort is thereby caused to them, and they are prevented from properly enjoying the use of their property.

The plaintiffs should have the relief asked for in the complaint herein. No damage for injury to the fee is allowed. (*Pappenheim v. Metropolitan Elevated R. Co.*, 128 N. Y. 436; *Stowers v. Gilbert*, 156 id. 600.)

I find for the plaintiffs, with costs. On the settlement of the findings herein the time to be given the defendants to abate the nuisance may be designated.