PHILIP TOLCHIN et al., Doing Business as UNIVERSAL MUSICAL INSTRUMENT Co., Respondents, *v.* TRUSTEES OF THE SAILORS' SNUG HARBOR IN THE CITY OF NEW YORK et al., Defendants, and GREENWICH ASSOCIATES, INC., et al., Appellants.

First Department, February 3, 1953.

*Theodore M. Wolkof* of counsel (*Abraham Engelman,* attorney), for appellants.

*Joseph Rogers* for respondents.

*Per Curiam.* The appeal is from an order denying appellants' motion to dismiss the complaint against them for insufficiency under rule 106 of the Rules of Civil Practice.

On such a motion the court must accept the allegations of the complaint as true.

Appellants Greenwich Associates, Inc., and Sheridan Associates, Inc., were organized by defendant Harry Landes, and succeeded to his property interests which are involved in this lawsuit. They reaped the benefit of any alleged fraud that may have been committed upon plaintiffs by Landes or by the Trustees of the Sailors' Snug Harbor in the City of New York (hereafter called Sailors' Snug Harbor). Possessing the fruits of the alleged fraudulent scheme, they are claimed to be liable for its consequences (*Downey* v. *Finucane*, 205 N. Y. 251).

The fraud charged in the complaint is confined to alleged misrepresentation of a state of mind (*Adams* v. *Gillig*, 199 N. Y. 314). Plaintiffs had been in possession, as statutory tenants, of premises known as 48-50 East 8th Street, owned by Sailors' Snug Harbor, which also owned 54-58 East 9th Street, both in the borough of Manhattan. Before plaintiffs were asked to move from East 8th Street, the complaint alleges that Landes had been negotiating with Sailors' Snug Harbor for a long-term lease of both locations. The complaint alleges that in order to secure possesion of the property on East 8th Street for Landes, who also wanted possession of the 9th Street premises, Sailors' Snug Harbor proposed to plaintiffs that, if they would vacate, they could have part of the East 9th Street premises instead, at a rental of $300 a month for a term ending on January 31, 1955, but with the proviso that such lease could be cancelled on six months' notice given on or after January 31, 1951, by Sailors' Snug Harbor or by a lessee of the entire building. Plaintiffs acquiesced in this suggestion, vacated the East 8th Street location and took possession of the East 9th Street premises pursuant to such a lease, which was cancelled on the earliest date at which the cancellation privilege could have been exercised. Plaintiffs were thus forced to remove from the 9th Street premises, also, by appellants, who had succeeded in procuring long-term leases from Sailors' Snug Harbor of the 8th and 9th Street properties, subject to plaintiffs' lease which contained the cancellation option. Plaintiffs thus found themselves without a business location, according to the complaint, having surrendered their statutory tenancy of the 8th Street location in exchange for but six months of their anticipated five-year tenancy of the 9th Street location.

Such a state of affairs would not be actionable, however unwise plaintiffs may have been to surrender their possession on 8th

Street, except for the further allegation that, in order to assist Landes and the appellant corporations, Sailors' Snug Harbor represented to plaintiffs that it had no plan for the 9th Street property when plaintiffs moved into it, and that plaintiffs had nothing to fear concerning the exercise of the cancellation privilege, which was a form clause in all of its leases. In reality, the complaint alleges, this was merely a ruse to induce plaintiffs to forego their statutory tenancy on 8th Street, by removing to 9th Street, after Sailors' Snug Harbor and Landes had already formed their plan to cancel the 9th Street lease at the earliest available opportunity.

It remains to be seen whether plaintiffs will succeed in establishing such a cause of action by evidence at the trial. At the present stage, however, plaintiffs are entitled to the benefit of all that can be drawn from the complaint by reasonable and fair intendment, and, consequently, the complaint cannot be dismissed against appellants as insufficient in law. No determination is now made concerning what damages plaintiffs may be entitled to recover if liability be established.

The order appealed from should be affirmed, with $20 costs and printing disbursements.

PECK, P. J. (dissenting). The provisions of the lease under attack are perfectly clear, were consciously entered into and should not be subject to impeachment by the claim of oral representations now asserted by plaintiffs. The order appealed from should be reversed and the complaint dismissed.

DORE, COHN and VAN VOORHIS, JJ., concur in *Per Curiam* opinion; PECK, P. J., dissents in opinion.

Order affirmed, with $20 costs and disbursements to respondents. [See *post,* p. 863.]