MARGARET POWELL, Plaintiff, *v.* NICHOLAS POWELL, SR., Defendant.

Supreme Court, Special Term, Orange County, October 24, 1953.

*William F. Stanton* for defendant.

*James P. Cassidy* for plaintiff.

EAGER, J. This is a motion, pursuant to rule 103 of the Rules of Civil Practice, to strike as sham and frivolous from an answer, a denial of a certain allegation in the first cause of action in the complaint in this action, and a motion pursuant to rule 109 of the Rules of Civil Practice, to strike out certain defenses to said cause of action as insufficient in law. It is true, as defendant claims, that the motion pursuant to rule 109 " searches the record ", and that the court should first consider the claim now made by defendant that the first cause of action is insufficient in law.

By the said first cause of action, the plaintiff claims to seek relief under the constructive trust doctrine. In such cause of action, it is alleged that the plaintiff and defendant are respectively wife and husband; that prior to their marriage some years ago, defendant husband owned in his name certain premises purchased in contemplation of the marriage and to be a home for the parties after marriage; that while the parties were engaged to be married, the defendant promised to put plaintiff's name on the deed to the said premises and give her an undivided half interest in said property, the " defendant then asserting that the plaintiff's name could not be put on the property at that time because the parties were not yet married "; that following the marriage of the parties, the plaintiff, in reliance upon the defendant's said promise expended several thousand dollars of her own funds in the repair and alteration of the premises and worked many hours in the painting, cleaning and repair of the premises whereby the value of the same was substantially enhanced; that the defendant, though repeatedly requested, has failed to convey to plaintiff an undivided one-half interest in the property and that he does not intend to make such conveyance to plaintiff; and that he has reserved for his own use all the rents and profits of the said real property and has refused to account to plaintiff for the same.

The court is of the opinion that the said alleged first cause of action is not to be dismissed for insufficiency. The cause of action must stand " If in any aspect upon the facts stated the plaintiff is entitled to a recovery," (*Dyer* v. *Broadway Central*

*Bank,* 252 N. Y. 430, 432–433; *Abrams* v. *Allen,* 297 N. Y. 52) and the plaintiff is entitled to the benefit of all reasonable inferences from the facts alleged. (See *Tolchin* v. *Trustees of Sailors' Snug Harbor,* 281 App. Div. 234, and *Condon* v. *Associated Hosp. Service,* 287 N. Y. 411.) The court has concluded that the facts alleged in the particular cause of action and the reasonable inferences therefrom do tend to establish a cause of action for equitable relief. The specific relief to which plaintiff is entitled need not be determined now but may await the trial.

The plaintiff claims that this first cause of action is brought to enforce a constructive trust. The defendant, however, contends that the facts alleged would not justify a decree declaring that the defendant holds an undivided one-half interest in the premises as trustee for the plaintiff and directing a conveyance thereof to plaintiff. In support of defendant's contention is the distinction noted in *Sinclair* v. *Purdy* (235 N. Y. 245, 253) to wit: " Distinctions are, indeed, to be drawn between cases where property is parted with on the faith of an oral promise, and cases where one without an interest in property before obtains a promise that an interest will be given to him thereafter ". It does appear, however, from the complaint that the defendant will be unduly enriched if a court of equity refuses relief to plaintiff. And the latest pronouncement on the subject by the Court of Appeals indicates a definite liberality in the application of the constructive trust doctrine. The court per DESMOND, J., said in *Latham* v. *Father Divine* (299 N. Y. 22, 27), that, " A constructive trust will be erected whenever necessary to satisfy the demands of justice. Since a constructive trust is merely ' the formula through which the conscience of equity finds expression ' [citing cases], its applicability is limited only by the inventiveness of men who find new ways to enrich themselves unjustly by grasping what should not belong to them. Nothing short of true and complete justice satisfies equity, and always assuming these allegations to be true, there seems no way of achieving total justice except by the procedure used here."

The defendant further takes the position that there is shown no abuse of any relationship of trust or confidence between the parties resulting in the alleged unjust enrichment of the defendant. The court is of the opinion, however, that it may not be said as a matter of law that a relation of confidence did not exist between the parties at the time the agreement was made, that is, when they were an engaged couple (cf. *Muller* v.

*Sobol,* 277 App. Div. 884), and further, in any event, it appears that the money was advanced by plaintiff and the repairs and alterations to the premises were made while the parties were husband and wife. There are many decisions supporting the imposing of a constructive trust where there was a mere family relationship without a fiduciary relationship. Many of such cases are cited in Scott on Trusts (Vol. 1, § 44.2, pp. 253–255), and it is there pertinently stated:— " The abuse of the confidential relation in these cases consists merely in his (the promisor's) failure to perform his promise. A constructive trust is imposed even though there is no fiduciary relation such as that between attorney and client, principal and agent, trustee and beneficiary; it is sufficient that there is a family relationship or other personal relationship of such a character that the transferor is justified in believing that the transferee will act in his interest."

It is unnecessary for the court to determine at this time whether the plaintiff shall receive relief against the defendant on the theory that he shall account as a constructive trustee. Even if the plaintiff has failed to bring herself within the holding of the decisions providing for the decreeing of a constructive trust in order to prevent unjust enrichment, the court should not dismiss the cause of action inasmuch as facts are stated clearly entitling plaintiff to equitable relief of some nature. (See *Ernest* v. *Ernest,* 97 N. Y. S. 2d 725.) Giving the plaintiff the benefit of the facts alleged in the complaint and reasonable inferences therefrom, the plaintiff, beyond question, would be entitled to restitution and to an equitable lien to the extent that her moneys went into the permanent improvement of the property. (See *Ernest* v. *Ernest, supra,* and *Leary* v. *Corvin,* 181 N. Y. 222.) Upon such facts and inferences, it may not be said that the plaintiff gave the moneys to defendant, for an intent to give is lacking. Thus, the decision of *Brandes* v. *Agnew* (275 App. Div. 843), cited by defendant is distinguishable.

The first cause of action is held sufficient as a matter of law.

The plaintiff's motion is disposed of as follows:— The motion to strike out the denial contained in paragraph " Second " of the answer is denied. The denial in question is of the allegation that the parties " have borne the confidential relationship of husband and wife from " the date of their marriage to the present time. The defendant would be bound to concede that the parties were husband and wife but is not bound to admit that a relationship of confidence existed between them. The allega-

tion itself would seem bad as alleging a legal conclusion. Under the circumstances, the plaintiff is not entitled to have denial thereof stricken.

Paragraphs " Third " and " Fourth " of the answer are defenses setting up the Statute of Frauds. They allege the agreement between the parties to be oral and therefore void by virtue of certain statutes requiring agreements to convey an interest in realty and agreements made in consideration of marriage to be in writing and subscribed by the promisor or his lawful agent. The validity of these defenses may not be determined at this time, but must be decided by the trial court after the facts are developed on the trial. (See *White* v. *White*, 119 N. Y. S. 2d 306; *Kahn* v. *Kahn*, 256 App. Div. 1000, and *Honigman* v. *Propper*, 102 N. Y. S. 2d 703.) If the plaintiff proves the alleged oral agreement but fails to establish facts entitling her to the aid of equity, then the statutes in question would bar a recovery by plaintiff under the alleged agreement so the defenses must be permitted to stand.

The " Sixth " paragraph of the answer claimed to constitute a defense is stricken. The paragraph states merely that the said alleged first cause of action " is brought in violation of Article 2A of the Civil Practice Act of the State of New York, defining actions which are contrary to the public policy of this state, and which said actions are abolished under and pursuant to said article." The paragraph is devoid of any factual allegations. In any event, the provisions of such article 2-A are not deemed to be a defense to said cause of action. Here the parties did marry after the alleged agreement, and the moneys advanced by plaintiff and work performed by her occurred after the marriage. The case of *Brandes* v. *Agnew* (*supra*), cited by defendant as supporting this defense is distinguishable because, in such case, there was involved a gift in contemplation of and before marriage, and the parties never in fact married.

Submit order on notice.