Nicholas M. Pette, J.
The plaintiffs are residents in the area near Little Bay, Whitestone, Queens County. On July 7, 1958, Triborough Bridge and Tunnel Authority entered into a contract with defendant for the construction of the substructure for the Throggs «Neck Bridge connecting Little Bay with Throggs Neck, County of Bronx. Complaining that defendant is conducting pile driving operations until 11 -.00 p.m. weekdays, thereby causing ‘1 noise of such character, intensity and duration as to be injurious to the comfort of plaintiffs and enjoyment of their homes and detrimental to their life and health ”, this action was instituted permanently to restrain* defendant “ from engaging in any construction work between the hours of 6:00 p.m. and 7:00 a.m. which will create noise injurious to the comfort of plaintiffs and their enjoyment of their homes and detrimental to their life and health, including, but not limited to restraining defendant from pile driving and operation of machinery”.
Plaintiffs now move for a temporary injunction restraining defendant 1 ‘ from creating any loud and unnecessary noise in the construction of the Throggs Neck Bridge, Little Bay, Queens, after 6:00 p.m. of any day and prior to 7:00 a.m. on the following day”.
In resisting plaintiffs’ motion the defendant contends that the temporary inconvenience to some residents in the area does not warrant the drastic relief sought, the effect of which will be to delay a public improvement authorized by a legislative enactment, which is being constructed with proper and reason *680 able care; that section 3 of the specifications of the contract provides that “ time is the essence of the contract ” and that the work must be completed by December 31,1959; that schedule A of the contract provides for the payment of liquidated damages of $2,500 for each day by which defendant exceeds the completion date, and that section 435-5.0 of the Administrative Code of the City of New York, upon which plaintiffs rely for their claim that construction work other than between 7:00 a.m. and 6:00 p.m. on weekdays is in violation of law, is subject to the provisions of subdivision “a” thereof, pursuant to which noise which is prohibited must be unreasonably loud, disturbing and unnecessary, and that such “noise” has not been established by the plaintiffs.
The court, however, is satisfied from the papers, that pile driving noises beyond the hours set forth in the foregoing section of the Administrative Code are unreasonably loud, disturbing and unnecessary and should be restrained. The fact that a public project is here involved does not entitled it to preferential treatment when a case of nuisance detrimental to human life and comfort is as clearly made as in the case at bar.
Defendant urges, for the purpose of argument only, that should injunctive relief be granted, the plaintiffs should be required to furnish security pursuant to sections 819 and 893 of the Civil Practice Act. That is true. However, the amount sought by defendant, “not less than $1,000,000.00” or any amount of a substantial nature is completely out of question, since its imposition as a condition for the temporary injunction would result in a denial of relief to which plaintiffs show themselves to be entitled.
In the first place, the court will enjoin only the pile driving and not any other work. In the second place, the defendant will be able to perform its work, including pile driving between the hours of 7:00 a.m. and 6:00 p.m. weekdays, as provided in section 435-5.0 of the Administrative Code.
Under all the circumstances the court will require plaintiffs to post an undertaking of $5,000 as a condition for a temporary injunction restraining pile driving beyond the hours mentioned above, and to place the case on the calendar for immediate trial on a day certain upon filing a three-day note of issue immediately upon the service of the answer.
Settle order on two days’ notice.