Samuel W. Eager, J.
This action is brought in this Supreme Court against the New York State Thruway Authority. The plaintiffs reside in the Village of Pelham Manor in close proximity to the New England Thruway. They live in one-family homes in a residential zone restricted to such type of houses. The New England Thruway is a six-lane concrete road, which runs in a northeasterly direction from the New York City-Westchester County line, north of Pelham Bay Park through the Village of Pelham Manor in the Town of Pelham and through Westchester County to a point on the New York-Connecticut State line.
The plaintiffs seek an injunction directing the defendant to prohibit the operation of trucks, buses and tractor trailers over the said highway through the Village of Pelham Manor each night from 8:00 p.m. to 8:00 a.m. The plaintiffs claim that the present use of the highway by these particular types of vehicles is with such noise, character, intensity and duration and with such illumination in the nighttime, that it constitutes a nuisance in violation of the rights of the plaintiffs.
It is alleged that the defendant operates, maintains and controls the said highway; that it operates toll stations thereon, and that operators of vehicles are required to pay to defendant tolls for use of the said highway. The claim is that the defendant Authority may regulate and control the use of the highway and the character and type of the traffic thereon, and that defendant’s “maintenance and use of the Thruway” extensively at night for the heavy truck and bus type of traffic ‘ ‘ has been and continues to be a nuisance which has caused and will continue to cause plaintiffs and their families and neighbors great damage and hardship, which cannot be adequately compensated or the amount thereof established and for which no adequate remedy can be had at law.”
We have here a motion by plaintiffs for a temporary injunction, and a motion by defendant to dismiss the complaint. The *412 defendant strongly argues that this court lacks jurisdiction to entertain an action for injunctive relief against it, the New York State Thruway Authority. The Attorney-General’s claim is that the Thruway Authority, as an arm of the State, has sovereign immunity from suit; that it may not be sued except insofar as consent thereto is given by statute.
It is provided by statute in section 354 of the Public Authorities Law, that the Thruway Authority shall have power 1 ‘ to sue and be sued.” The Attorney-General argues, however, that this is not a general waiver of immunity (Breen v. Mortgage Comm., 285 N. Y. 425), and that, notwithstanding this general provisión, the Authority may only be sued where the statute expressly so provides, namely in the Court of Claims upon tort, Thruway contracts, and land acquisition claims (see Public Authorities Law, § 361-b; Highway Law, § 347, subd. 13) and in the Supreme Court, Albany County, in actions by holders of certificates issued by the Authority (Public Authorities Law, § 368, subd. 5).
Now, it is concluded that the position of the Attorney-General is not sound. The Thruway Authority was created as a separate body corporate and politic constituting a public corporation with authority to sue and be sued (Public Authorities Law, §§ 352-354; Strang v. State of New York, 206 Misc. 734). The State in creating the Authority could waive its right to immunity from suit (see Easley v. New York State Thruway Auth., 1 N Y 2d 374, 376); and in creating it as a separate corporate body and expressly giving to it the power to sue and be sued, did waive the right to such immunity. (See Taylor v. New Jersey Highway Auth., 22 N. J. 454.) Now, our Supreme Court in this State has general jurisdiction in law and in equity over all persons and corporations within the State (see Civ. Prac. Act, § 4) that is, except as expressly limited by constitutional or proper statutory provision. Thus, it follows that the Thruway Authority is subject to suit in our Supreme Court except as otherwise expressly provided. (See Strang v. State of New York, supra; Pantess v. Saratoga Springs Auth., 255 App. Div. 426; Taylor v. New Jersey Highway Auth., supra.)
The exclusive jurisdiction conferred upon the Court of Claims covers only claims against it for money damages for tort or breach of certain contracts, and such court has not been given jurisdiction of an equitable cause of action for injunctive relief against the Thruway Authority. (See Psaty v. Duryea, 306 N. Y. 412.) The Supreme Court must take jurisdiction of an action upon such a cause, or a person having a valid claim for such relief would be without remedy. This, the Legislature *413 did not intend inasmuch as it expressly provided in general terms that the Authority could be sued.
It is determined that this court has jurisdiction of the cause of action attempted to be pleaded. Therefore, next, we are faced with the question of Avhether or not the complaint of these plaintiffs states a cause of action. Now, it is expressly provided by statute that, ‘ ‘ Pleadings must be liberally construed with a view to substantial justice between the parties.” (Civ. Prac. Act, § 275.) Thus, the complaint is to stand “if in any. aspect upon the facts stated the plaintiff is entitled to a recovery,” (Dyer v. Broadway Cent. Bank, 252 N. Y. 430; Abrams v. Allen, 297 N. Y. 52) and the plaintiff is entitled to the benefit of all reasonable inference from the facts alleged (see Tolchin v. Trustees of Sailors’ Snug Harbor, 281 App. Div. 234; Condon v. Associated Hosp. Serv. of N. Y., 287 N. Y. 411).
Now, with the foregoing in mind, it is concluded that the complaint may not be stricken for insufficiency. To begin with, it is clear that the Thruway Authority has full jurisdiction over the Thruway and its use. It has such possession and control as to be the person responsible for any illegal or unauthorized use of the same. (See Public Authorities Law, tit. 9; Vehicle and Traffic Law, § 1630.) It would be responsible for the continued use thereof in an unreasonable manner and in such a way, with its sanction, as to constitute a nuisance resulting in special injury to individuals. The fact that it is a public corporation and a State agency would not exempt it from its responsibilities in this regard. The general statutory authority conferred upon it to construct, maintain and operate a super highway for through traffic does not confer upon it a license to locate and use the highway in such a Avay as to constitute a nuisance resulting in substantial injury to private property. (Cogswell v. New York & N. H. & H. R. R. Co., 103 N. Y. 10; Morton v. Mayor of New York, 140 N. Y. 207; Nicoll v. President & Trustees of Vil. of Ossining, 128 Misc. 848; Modugno v. Meritt-Chapman Scott Corp., 17 Misc 2d 679.)
The noise, fumes and lights from the traffic of trucks and buses can be very annoying to persons residing along a highway. It is clear, however, that the same may not be the basis of right to legal relief where such traffic is merely incident to the ordinary and reasonable use of a local or State highway. But, it is clear also that, while one may be expected as a part of his contribution to our way of life to assume incidents of ordinary highway traffic in the vicinity of his home, he may have a just complaint against the laying doAmn of a super *414 highway near his door and the use of the same with the present-day type of huge busses and trucks operated at high speed in the interests of commerce. Such a highway, and such use thereof, if seriously affecting his health and comfort, and the value of his property, may constitute an actionable nuisance.
It is true that there is the necessity in the interests of the public good that heavy truck and bus traffic be adequately taken care of in and through the State. The Thruway was properly designed and is properly being operated for the purpose, among others, of taking care of such traffic. It is clear, however, that, in the location and use of the same, the Authority was and is bound to take into consideration the rights of individuals. “ It is, in many cases difficult to draw the line, and to determine whether a particular use is consistent with the duties and burdens arising from vicinage, or whether it inflicts an injury for which the law affords a remedy.” (Cogswell v. New York, N. H. & H. R. R. Co., 103 N. Y. 10, 14, supra.) If the plaintiffs are so substantially damaged by an unreasonable location and use of the Thruway that they are being deprived of the ordinary enjoyment of their properties without just compensation, they should not be without remedy. Of course, an injunction, if warranted, would be required to be limited and conditional, and the extent and conditions of the same can only properly be fixed following a full consideration of relevant facts and issues. And if it appears that it is not practical for the Thruway Authority to so restrict and regulate truck and bus traffic thereon so as to protect plaintiffs in their rights, the judgment hereon may properly take the form of providing for a fixing of damages to plaintiffs’ properties and for payment of same. (See Slobodkina v. Village of Great Neck, 285 App. Div. 908 and cases cited.)
The complaint is held sufficient, but it is concluded that the plaintiffs do not make out a case for a temporary injunction, and their motion for such relief is denied. The remedy of an injunction is a drastic one to be summarily allowed in advance of a trial only where a clear right thereto exists; and if the right to an injunction and the extent thereof depends upon issues of fact, then the remedy is to be withheld until a trial of such issues. Here, the injunctive relief, if any is to be granted, will have to await a full development of the facts noon a trial. Settle order on notice.