■ Douglas E. Mathewson et al., Respondents-Appellants, v. New York State Thruway Authority, Appellant-Respondent. — In an action to compel defendant, the New York State Thruway Authority, to prohibit the use of its Thruway by trucks, buses, and tractor-trailers through the Village of Pelham Manor during the hours between 8 o'clock in the evening and 8 o'clock in the morning, the parties cross-appeal: The defendant appeals from so much of an order of the Supreme Court, Westchester County, dated January 20, 1960, as denies its motion to dismiss the complaint on the grounds that the court has no jurisdiction of the subject matter of the action and that the complaint does not state facts sufficient to constitute a cause of action. The plaintiffs appeal from so much of the same order as denies their motion for a temporary injunction enjoining the defendant from permitting commercial vehicles to operate over the Thruway in the said village during said hours. Order insofar as appealed from by defendant, reversed, without costs, and its motion to dismiss the complaint granted. Appeal by plaintiffs from said order insofar as it denies their motion for a temporary injunction, dismissed, without costs. Such appeal is academic in view of the granting of defendant's motion to dismiss the complaint. The New York State Thruway Authority is an agency of the State and may be sued only as the Legislature permits (*Easley* v. *New York State Thruway Auth.*, 1 N Y 2d 374). There is no legislative dispensation which permits an action in equity against the Authority in the Supreme Court of the State of New York at a term held in Westchester County. The fact that the lack of such legislative permission may result in the plaintiffs' not being able to obtain an injunction in any court, even though the State has waived the Authority's immunity from suit, is not decisive (*Psaty* v. *Duryea*, 306 N. Y. 413; *Breen* v. *Mortgage Comm. of State of New York*, 285 N. Y. 425; *Smith* v. *State of New York*, 227 N. Y. 405). In any event, it does not appear from the complaint: (1) that the noises emanating from the normal operation of the Thruway adversely affect plaintiffs more than any other property owners similarly situated; or (2) that such noises subject plaintiffs to a greater share of the common burden of incidental damage cast upon all those living in the

vicinity. (*Richards* v. *Washington Term. Co.*, 233 U. S. 546; *Transportation Co.* v. *Chicago*, 99 U. S. 635; see, also, *Cogswell* v. *New York, New Haven & Hartford R. R. Co.*, 103 N. Y. 10, 22.) Nolan, P. J., Beldock, Christ and Brennan, JJ., concur. [22 Misc 2d 410.]