Louis G. Bruhn, J.
This is a motion on behalf of the defendant for an order dismissing the complaint herein on the grounds: 1. The court lacks jurisdiction of the subject matter of the action; 2. The court lacks jurisdiction of the person of the defendant; and 3. That the complaint fails to state a cause of action.
The plaintiff’s action is one for a declaratory judgment respecting the constitutionality of section 361-a of the Public Authorities Law as amended.
An adequate decision of the questions raised would seem to first require a determination of the character of the defendant Authority in its relationship to the State of New York.
While it is true that the base action in the recent case of Easley v. New York State Thruway Auth. (1 N Y 2d 374, 376) was an action to recover damages for an alleged tort of the Authority, the court stated: “ The question is as to the validity of section 361-b of the Public Authorities Law, enacted in 1954, which confers exclusive jurisdiction upon the Court of Claims to hear and determine all claims against the New York State Thruway Authority for alleged torts or breaches of contract.” (Italics supplied.)
The court, at page 376, also stated: “It cannot be doubted that this Authority is an arm or agency of the State.” Still *988 further it stated (pp. 376-377): “ Since the State as sovereign may assert, waive, or condition at will immunity from suit for itself and its agents (see Matter of Brown v. Board of Trustees of Hamptonburg School Dist., 303 N. Y. 484, 489), the Legislature could in creating the Thruway Authority have refused to waive immunity as to it and thus could have forbidden suits to be maintained against the Authority in any court or tribunal.” (Italics supplied.)
Apparently seeking to circumvent the full impact of such holding the plaintiff argues that this court should entertain jurisdiction of this action on general equitable principles.
Such position likewise would seem equally fraught with frustration in view of the more recent case of Benz v. New York State Thruway Auth. (9 N Y 2d 486). In that case, the court stated (p. 489): “ The courts below, bound as they were by Easley v. New York State Thruway Auth. (1 N Y 2d 374), correctly held that the Supreme Court has no jurisdiction of this equity suit (or of the equity suit of Mathewson v. New York State Thruway Auth., 9 N Y 2d 788, decided herewith). * * *. The Easley decision necessarily meant that there is no jurisdiction in any court of any suit against the Thruway Authority except as the Legislature has in terms created such jurisdiction.” (Italics supplied.)
The same court stated (p. 490):
“ There is no provision anywhere for equity suits against the Thruway Authority. It would indeed be remarkable if the Legislature which ‘ could have forbidden suits to be maintained against the Authority in any court or tribunal ’ produced a situation where suits at law could be prosecuted (per express enactment) in the Court of Claims only but (by legislative silence) equity suits would be allowed against the Thruway Authority in the Supreme Court. There is no sign that the lawmakers had any such strange intent.
‘ ‘ This leaves plaintiff without any remedy by suit but 1 the immunity of a state agency is in no way affected by the lack of any other remedy ’ (Glassman v. Glassman, 309 N. Y. 436, 441; see Psaty v. Duryea, 306 N. Y. 413, 420).” (Italics supplied.)
Directly in point with the problem posed by this motion is the case of Niagara Falls Power Co. v. White (292 N. Y. 472) a case in which the plaintiff sought to obtain a judicial declaration of the unconstitutionality of chapter 46 of the Laws of 1943.
In that case, the court stated (p. 478): “ Clearly this lawsuit is one against the State of New York, insofar as that entity itself is made a party and in its impact on defendant Water Power and Control Commission and defendants, Commissioners. *989 There is no showing here of any form of consent by the State to be sued for such a declaratory judgment and so the court has no jurisdiction of the subject matter.” (Italics supplied.)
Under those circumstances this court can come to but the single conclusion that it has no jurisdiction of the • subject matter and therefore finds it unnecessary to pass on the other questions raised.
Therefore, since this court has no jurisdiction of the subject matter the defendant’s motion is granted, without costs.