Simon J. Liebowitz, J.
The following motions are presented for determination: (a) motion on behalf of defendant State Board for [on] Historic Preservation (Board) and on behalf of two of the individual defendants, Butterworth and Lieberman, for an order pursuant to subdivision (a) of CPLR 3211 dismissing the complaint as to each of said parties on the ground that this court is without jurisdiction as to them since, it is claimed, the action against them is an action against the State, cognizable only in the Court of Claims, and further, as to defendant Lieberman, that service of process was not properly made upon him; and (b) three separate motions for a change of venue from the County of Kings to Columbia County, made respectively by the following defendants: Hudson-Michael Realty, Inc., Irving Price and Anthony R. Concra; Boulton Realty, Inc. and Harold Boulton; and Lloyd Boice.
The complaint, consisting of six causes of action, essentially alleges, so far as is needfully pertinent on.this motion to dismiss, that the plaintiffs were induced to transact, for the sale price of $125,000, a sale to the defendant Board of certain real prop *629 erty owned by the corporate plaintiff in the Town of Greenport, New York; that the sale at this price was induced by false and fraudulent representations and concealment of material facts on the part of defendants; that the consideration of $125,000 received by plaintiffs upon the sale was far below the actual and fair market value of the property, and that plaintiffs have accordingly been damaged in the sum of $246,000. Included among the defendants charged with being party to the misrepresentations are the defendant Butterworth, “ employed by the State of New York in the capacity of Senior Lands & Claims Adjustor with the Board ” and the defendant Lieberman, ‘ * employed by the State of New York in the capacity of Assistant Attorney General. ’ ’ In their prayer for relief the plaintiffs 'seek, inter alia, a judgment declaring that the provisions of the contract of sale are null and void, and that by virtue thereof, the Board be either decreed to hold the property as constructive trustee for plaintiffs, with a direction to the Board for reconveyance of the property to the corporate plaintiff, or in the alternative, “ that the Board as well as the named defendants herein ” pay damages in a sum representing the difference between the actual value of the property sold and the sum of $125,000 received by plaintiffs on the sale.
Turning to a consideration of the motion to dismiss, it appears that the Board is an agency of the State of New York (see, e.g., par. 5 of the complaint, which alleges upon information and belief that the Board “ is a division of the New York State Department of Parks * * * and has been and still is administered by the State of New York ”). It is clear that in this' action, in asking for a reconveyance of the property or the payment of money damages by the Board, the plaintiffs are seeking to impose liability upon the Board. Thus the action, to the extent that it is directed against the Board, is deemed an action against the State itself; as such, it can be brought only in the Court of Claims and not in the State Supreme Court (see Court of Claims Act, § 9 ; Psaty v. Duryea, 306 N. Y. 413; Breen v. Mortgage Comm. of State of N. Y., 285 N. Y. 425; Adler, Inc. v. Noyes, 285 N. Y. 34). True it is that the equitable relief sought by plaintiffs, as to which a recovery of money damages is prayed for as alternative relief, is not available in the Court of Claims, for that court is limited to awarding money damages against the State in appropriate cases, with no equitable powers except incidental minor equitable relief for the enforcement of judgments for money damages (see Psaty v. Duryea, supra). It is also true that the State Supreme Court has general equit *630 able powers. However, where the action is one against the State, either directly or through ah agency thereof, the Supreme Court lacks jurisdiction unless the. State has consented to he sued, therein (Psaty v. Duryea, supra; Benz v. New York State. Thruway Auth., 9 N Y 2d 486; Easley v. New York State Thruway Auth.,.1 N Y 2d 374; Pauchogue Land Corp. v. Long Is. State Park Comm., 243 N. Y. 15; see Trippe v. Port of New York Auth., 14 N Y 2d 119, 123-124; National Adv. Co. v. New York State Thruway Auth., 36 Misc 2d 987; Cario v. Sarr, 41 Misc 2d 297). There is no showing in the case at bar of any such consent by the State Which would warrant the exercise of jurisdiction by the Supreme Court. Moreover, an.adequate remedy for the plaintiffs’ alleged grievance against the State is available in the Court of Claims (see Sheridan Drive-In v. State of New York, 16 A D 2d 400).
Accordingly, the motion to' dismiss the complaint as against the Board is granted, without prejudice to the institution of an appropriate proceeding for recovery of damages in the Court of Claims. While the net result of this disposition may be, in effect, a severance of causes of action, with separate trials in separate courts, which, from the point of view of procedural efficiency, is not logically defensible, the court has no discretion in the matter.
So much of the motion as seeks dismissal of the complaint against defendant Butterworth on the ground that he is sued only in his official capacity as an employee of a State agency, and that therefore the causes of action are not against, him individually but against the State and thus are cognizable only in the Court of Claims, is denied. Although the causes of action alleged in the complaint against Butterworth and the defendant' Liebérman leave much to be desired in the specificity of the allegations connecting them with the alleged misrepresentations, it is clear that plaintiffs are seeking to charge Butterworth with personal misconduct. This defendant is not relieved of personal respqnsibility for such alleged miscondiict, albeit committed in his official capacity, for “ the wrongdoer.; even when an agent, must respond, whether the principal may be held or not” (Rhynders v. Greene, 255 App. Div. 401, 402). In such .case the State employee is amenable to suit in the Supreme Court (see Rhynders v. Greene, supra; Pauchogue Land Corp. v. Long Is. State Park Comm., 243 N. Y. 15, supra).
As to defendant Lieberman, the motion to dismiss as against him is granted on the basis of the further and different jurisdictional ground urged in his behalf, namely, that no valid ser *631 vice of process was effected upon Mm. While defendant Lieberman could have been brought within the jurisdictional ambit of this court (as was defendant Butterworth) by proper service of process upon him, it is claimed on his behalf that no proper service was effected inasmuch as he has been retired for several years and was residing in Florida at the time service was attempted to be made by leaving a copy of the complaint for him in .a State office in Albany. Since this claim stands unchallenged, without any attempted rebuttal by the plaintiffs, the motion to dismiss as to defendant Lieberman is granted.
The respective motions for a change of venue to Columbia County are granted. It appears that most of the' parties to this action are residents of Columbia County. The only two parties who have a residence in Kings County are the individual plaintiffs Braun, who also appear to spend considerable time in Columbia County where the real property which.is the subject of tMs action has its situs. It further appears that most of the material witnesses réside in Columbia County. The conjectural fears expressed on behalf of plaintiffs that a fair trial cannot be had in Columbia County are couched in general and conclusory language and do not justify an inference that an impartial trial cannot be had in that county (Clausi v. Hudson Cement Co., 26 A D 2d 872; Bult v. Kornspan, 37 A D 2d 672; Fishman v. Fishman, 20 A D 2d 941; Noonan v. Luther, 128 App. Div. 673).
The court is satisfied that the convenience of witnesses and the interests of justice will best be served by a change of venue. The granting of the motions for a change of venue is therefore warranted (see CPLR 510, subd. 3).