Joseph Liff, J.
The plaintiff seeks a preliminary injunction pursuant to CPLR 6301 which would restrain the defendant from preventing, obstructing or otherwise interfering with the flow of traffic to and from the Southern State Parkway through Exit 14. Plaintiff also asks that the defendant be compelled to remove the wooden barrier which it had placed across that road.
Defendant’s cross motion to dismiss the complaint for failure to state a cause of action because this court lacks jurisdiction of the subject matter is granted.
The threshold question is whether this court has authority to entertain the action.
In creating the Jones Beach State Parkway Authority the Legislature stated that it "shall be a body corporate and politic constituting a public benefit corporation” (Public Authorities Law, § 152) and as an authority it is "an arm or agency of the State” (Easley v New York State Thruway Auth., 1 NY2d 374, 376). Recognizing defendant’s status we are confronted with the fact that actions against such agencies "are exclusively within the jurisdiction of the Court of Claims (see Public Authorities Law, §§ 163-a, 212-a and 361-b); and the Court of Appeals has recognized that such legislative provision is controlling (Easley v New York State Thruway Auth., 1 NY2d 374)” (Belscher v New York State Teachers' Retirement System, 45 AD2d 206, 208). Thus the defendant as an agency of the State may be sued only as the Legislature permits because "the State as sovereign may assert, waive, or *463 condition at will immunity from suit for itself and its agents” (Easley v New York State Thruway Auth., supra, p 376). The Legislature subjected the defendant to limited litigation in the Court of Claims which was granted exclusive jurisdiction to determine tortious acts and certain contract claims against the authority (Public Authorities Law, § 163-a; Easley v New York State Thruway Auth., supra, p 378) and the Supreme Court was given jurisdiction over any action by a trustee on behalf of the bondholders of the authority (the statute requiring the venue of such actions be laid in either Nassau or Suffolk Counties) (Public Authorities Law, § 162, subd 3). Other than this the Legislature has not said that the defendant may be sued in equity in the Supreme Court of the State of New York (cf. Mathewson v New York State Thruway Auth., 11 AD2d 782, affd 9 NY2d 788; Benz v New York State Thruway Auth., 9 NY2d 486, 490). Concededly the "State Supreme Court has general equitable powers. However, where the action is one against the State, either directly or through an agency thereof, the Supreme Court lacks jurisdiction unless the State has consented to be sued therein [cases cited]” (National Biochemical Corp. v Hudson-Michael Realty, 74 Misc 2d 628, 629-630).
Although the State has waived the defendant’s right to immunity in certain instances the fact that plaintiff may not "obtain an injunction in any court * * * is not decisive” (Mathewson v New York State Thruway Auth., supra).
Accordingly, the defendant’s motion to dismiss the complaint is granted and plaintiff’s motion for a preliminary injunction is denied.
Prior to the issuance of this decision the attorney for the plaintiff informed the court that the barrier complained of had been removed and that nevertheless he sought a determination. Therefore, this decision has been filed for the plaintiff’s future guidance.