John J. McCall, S.
The petitioner, ancillary administratrix of the estate of the above-named decedent, has instituted this discovery proceeding against the New York State Police, praying that said State Police be ordered to attend an inquiry *1064 respecting certain property of the decedent allegedly in possession of said State Police and that the State Police be further ordered to deliver said property to the petitioner if the facts developed on said inquiry warranted such action. The State Police, represented by the Attorney-G-eneral, moved to dismiss the petition on the ground that the court had no jurisdiction in the matter inasmuch as this was a proceeding against the State of New York and that petitioner’s sole remedy, if any, was in the Court of Claims. Substantially, the State asserted immunity as the basis for its motion for dismissal of the petition. A prior petition of the same character was brought before this court, to which the same objection was made by the State. Said petition was dismissed, without prejudice, to the institution of a new proceeding upon a sufficient showing of the factual situation to warrant a determination as to the jurisdictional question.
The operative facts are those alleged in the petition and all and all fair and reasonable inferences therefrom. For the purposes of the motion herein, those facts will be assumed to be true. On March 5,1959 the State Police, upon the occasion of arresting-one Joseph G. Luberda for driving while intoxicated, took from his possession, along with some other personal property of his, $20,000 in cash which at that time belonged to the decedent, Stella Matysiak, the mother of said Joseph Luberda. Subsequent to the taking, said Joseph Luberda informed the State Police that the $20,000 belonged to his mother. Joseph Luberda later paid certain sums to the United States and the State of New York to release liens filed against this property as his money. Joseph Luberda concedes that this money belongs to his mother and that it always has been hers.
The question as to whether the State of New York is subject to the jurisdiction of the Surrogate’s Court in a discovery proceeding is apparently a new one. Counsel for both sides have presented no case directly in point in their briefs and independent research on the part of the court has produced nothing-in this respect. Be solution of the problem must come from existing principles as applied to the present factual situation.
First of all, in the proceeding the New York State Police, a State agency is named respondent and hence the State itself is named. The question then presents itself as to whether the mere naming- of the parties determines whether or not the suit is against the agency and therefore against the State. The answer is that the question cannot be determined until observation is made as to the nature of the litigation, the relief sought and the way it affects the State (Glassman v. Glassman, 309 *1065 N. Y. 436, 443). An examination of the instant facts constrains the conclusion that this proceeding is not one against the State of New York in the sense that governmental immunity can be invoked against it. It would appear from the circumstances surrounding the taking of the property, the State did not lay any claim to the title to it or assert any interest in it whatsoever. If the property be disposed of in the manner requested in the petition there shall be no gain nor loss to the State. The State’s credit, moneys or property are in no way to be reached nor are the credit, the moneys or the property of its agents or agencies. In the Glassman case (supra), where the doctrine above set forth was announced, a member of the New York State Retirement System had voluntarily deposited additional funds. The wife of said member alleging that said transfer was for the sole purpose of taking from her reach as a judgment creditor the member’s sole assets, the transfer was fraudulent and a nullity to the plaintiff, demanded that the Retirement System turn over to her such portion of the deposit as would satisfy her judgment. In granting relief to the wife the court, among other things, said “ In a sense, the System is in a position not unlike that of an innocent stakeholder, with nothing to gain or lose ” (Glassman v. Glassman, supra, p. 442). In the instant case, from the facts pleaded, it appears that the State of New York is a stakeholder and no more. It should not be permitted to invoke its immunity to protect its position as such.
The motion to dismiss the petition for want of jurisdiction is denied. Respondent shall attend the hearing on a date to be feed in the order. At that time, or prior thereto, respondent may answer or otherwise plead, if so advised.