■ In the Matter of the Estate of STELLA MATYSIAK, Deceased. LAURA HITTEL, as Administratrix of the Estate of STELLA MATYSIAK, Deceased, Respondent; NEW YORK STATE POLICE AT ALBANY, Appellant.— HERLIHY, J. Appeal from an order of the Albany County Surrogate's Court which directed the New York State Police to attend an inquiry to be conducted by the court and be examined concerning certain funds in its possession and to deliver the said property to the petitioner. The facts are not controverted. On March 5, 1959 Joseph Luberda, son of the decedent, was arrested by

the New York State Police for drunken driving and $20,000 cash found in his possession was seized. He claimed the money belonged to his mother albeit the Federal and State Governments collected income taxes from Luberda. The mother died approximately two years after the arrest of her son and during the interim made no claim to the money. Her will was admitted to probate and thereafter ancillary letters of administration with the will annexed were issued to the petitioner by the Albany County Surrogate's Court. The present proceeding was instituted by a petition filed by the administratrix of the mother's estate which set forth that the money "which is in the possession and control of the New York State Police * * * who withhold such possession from your petitioner" should be turned over; wherefore "your petitioner prays for an inquiry respecting the above mentioned property and that the * * * Police * * * may be ordered to attend the inquiry and be examined accordingly and deliver the said property to your petitioner if it is in their possession or control." The Attorney-General, on behalf of the State Police, moved to dismiss the petition on the grounds that the Surrogate's Court had no jurisdiction in a proceeding which involves the State of New York. The Surrogate, in denying the motion to dismiss, found the State to be a "stakeholder", citing *Glassman* v. *Glassman* (309 N. Y. 436), for its authority to assume jurisdiction. In our opinion, the Surrogate was in error. The parties in *Glassman* v. *Glassman* were husband and wife who had separated. As a result of the husband's failure to pay for the wife's support and maintenance, a judgment was recovered by the wife. Subsequently, in the course of proceedings supplemental to the judgment, it was discovered that the husband, a State employee, had received a sum of money from the sale of securities and deposited the proceeds thereof with the New York State Retirement System, of which he was a member. Thereafter, a proceeding, which was the basis of the appeal, was instituted pursuant to section 273 of the Debtor and Creditor Law, seeking a judgment setting aside the transfer as fraudulent and void, and directing sufficient funds be transferred to satisfy her judgment. The New York State Retirement System was made a party in this proceeding. The Court of Appeals determined that the State was merely an innocent stakeholder, with nothing to gain or lose, between the husband and wife claiming a sum of money on deposit with the Retirement System. The court (p. 445) further observed "that the state has no real or direct interest in the outcome of this case, and it is not, therefore, a 'suit against the state.'" But that is not the situation in the matter here for consideration. To observe that the New York State Police are part of the State of New York is axiomatic. That organization is the subject of the proposed "inquiry" in the proceedings before the Albany County Surrogate. The State of New York is the real party in interest. It should be further observed that the New York State Police, under the present facts, are not acting as a "stakeholder". The State further contends that in the absence of the true owners, the fund will eventually revert to the State and relies upon article 7-B of the Personal Property Law, but that issue need not be decided on this appeal. The Court of Claims is the obvious forum to determine the rights of the respective parties. (See *Psaty* v. *Duryea*, 306 N. Y. 413, 420.) The Surrogate lacks jurisdiction herein. Order reversed, on the law and the facts, and petition dismissed, without costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur. [43 Misc 2d 1063.]