■ IDA GORGOGLIONE, as Administratrix of the Estate of MARIO PIERSIMONI, Deceased, Respondent v. EMILLIO CONTRERAS et al., Appellants.— In an action to recover damages for wrongful death and conscious pain and suffering, defendants appeal from an order of the Supreme Court, Suffolk County, entered September 13, 1972, which denied their motion to dismiss the complaint on the ground of lack of jurisdiction over the persons of defendants and the subject matter of the action (CPLR 3211, subd. [a], pars. 2, 8). Order reversed, on the law, without costs, and motion granted, without prejudice to any application which plaintiff may be advised to make to a Justice of the Supreme Court for leave to bring action against defendants. Defendants are physicians, nurses and attendants at the Central Islip State Hospital, whose alleged malpractice and negligence caused injuries to plaintiff's intestate, which resulted in his death. Pursuant to section 9.11 of the Mental Hygiene Law (formerly section 44 of the Mental Hygiene Law of 1909 [see L. 1972, ch. 251, 253, eff. Jan. 1, 1973]), leave of a Justice of the Supreme Court is required before a civil action may be brought against an officer or employee of the Department of Mental Hygiene, in his personal capacity, for damages allegedly stemming from any act or failure to act while discharging his official duties. The failure to comply with this condition precedent resulted in a lack of jurisdiction over both the subject matter of the complaint and the persons of defendants. Nor should compliance with the statute be circumvented by simply alleging that defendants' acts were unauthorized, not done in good faith, not done in their official capacities and not done as part of their official duties (cf. *Wolfe* v. *Bellizzi,* 58 Misc 2d 773, affd. *sub nom. Bremer* v. *Bellizzi,* 37 A D 2d 1041). The motion to dismiss, therefore, should have been granted (CPLR 3211, subd. [a], pars. 2, 8), however without

prejudice to plaintiff's seeking leave of a Justice of the Supreme Court to bring action against defendants under the statute (viz., Mental Hygiene Law, § 9.11). The hearing upon such an application would establish whether or not plaintiff's claim should be brought exclusively in the Court of Claims or whether a separate claim should be brought in the Supreme Court against defendants as private persons (see *Breen* v. *Mortgage Comm. of State of N. Y.*, 285 N. Y. 425, 429). Hopkins, Acting P. J., Munder, Latham, Gulotta and Benjamin, JJ., concur.